Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| Laura Pérez Hernández<br><br>Parte Recurrida<br><br><br>vs.<br><br><br>Darlene Pérez Raíces<br><br>Parte Peticionaria | KLCE202301160 | ***CERTIORARI***<br>procedente del Tribunal de Primer Instancia, Sala Superior de Arecibo<br><br>Sobre:   Custodia<br><br>Civil Núm.:<br><br>C CU2019-0069 |

Panel integrado por su presidente, el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de octubre de 2023.

Comparece la señora Darlene Pérez Raíces mediante recurso de *certiorari* instado el 20 de octubre de 2023. Solicita que revoquemos la *Orden* emitida el 4 de octubre de 2023, notificada el 13 de octubre de 2023, por el Tribunal de Primera Instancia (TPI), Sala de Arecibo. Mediante el referido dictamen, el TPI autorizó a la señora Laura Pérez Hernández, quien ostenta la custodia de la menor J.Y.M.P., a tramitar la expedición y/o renovación del pasaporte dicha menor sin la necesidad de la autorización de la señora Darlene Pérez Raíces, madre de la menor.

Evaluado el recurso y su apéndice, resolvemos denegar la expedición del auto de *certiorari.*

I.

Según surge del expediente, mediante *Resolución* dictada el 1 de mayo de 2023, y notificada el 18 de mayo de 2023, el TPI adjudicó la custodia de la menor J.Y.M.P. (nacida el 9 de abril de 2014) a su

abuela paterna, la Sra. Laura Pérez Hernández (Sra. Pérez Hernández).

Poco después, el 9 de agosto de 2023, la Sra. Pérez Hernández presentó una *Moción en Solicitud de Permiso de Viaje,* en la que solicitó la autorización del tribunal para tramitar y obtener el pasaporte de la menor, y para permitir que ésta la acompañara de vacaciones a la República Dominicana.

El 14 de agosto de 2023, la Sra. Darlene Pérez Raíces (Sra. Pérez Raíces), madre que ostenta la patria potestad sobre la menor, presentó una *Moción en Oposición a Solicitud de Viaje y Pasaporte.* Adujo que el tribunal no debía autorizar la solicitud de viaje de la menor a un país extranjero, en el que no existen garantías sólidas de protección de menores y que presenta una alta incidencia de casos de trata de niños. Además, indicó que el viaje coincidía con el periodo escolar activo de la menor. En lo relativo al pasaporte, la Sra. Pérez Raíces indicó que no se oponía a que se tramitara el pasaporte de su hija, pero conforme al trámite usual de emisión de pasaportes para menores de 16 años, que requiere el consentimiento de los progenitores previo a la expedición del documento. En virtud de las anteriores consideraciones, solicitó que se denegara la moción en solicitud de permiso de viaje presentada por la Sra. Pérez Hernández.

El 21 de agosto de 2023, notificada el 30 de agosto de 2023, el TPI dictó la orden que se transcribe a continuación:

> Tiene 30 días la Sra. Darlene Pérez Raíces para ponerse de acuerdo con custodio y tramitar el pasaporte de la menor. Salvo circunstancias extraordinarias de peligrosidad e inconveniencia el viaje se autorizará.[1]

El 29 de septiembre de 2023, día en que se cumplía el término de treinta (30) días para lograr el acuerdo entre las partes y tramitar el pasaporte de la menor, la Sra. Pérez Raíces presentó una *Moción*

---

[1] Apéndice del recurso, pág.8.

*en Solicitud de Aclaración de Orden de Viaje y Trámite de Pasaporte.* Explicó que para poder concretar el acuerdo era esencial que la Sra. Pérez Hernández proporcionara todos los detalles del viaje; tales como, el nombre de la aerolínea, el número de vuelo, el lugar de hospedaje, la duración de la estadía y los mecanismos de seguridad en caso de emergencia.

En respuesta, la Sra. Pérez Hernández presentó *Moción en Solicitud de Orden para Tramitar Pasaporte.* Precisó que la Sra. Pérez Raíces había incumplido la orden emitida el 21 de agosto de 2023. A su vez, articuló que para poder adquirir el boleto de viaje de la menor necesitaba que ésta tuviera un número de pasaporte. Expuso que planifica viajar en el mes de noviembre y que, una vez se le autorizara a tramitar la expedición del pasaporte de la menor, proporcionaría los detalles del viaje. Por tanto, solicitó al TPI que dictara una orden que la autorizara a obtener el pasaporte de la menor sin la necesidad de firma o autorización de la madre de la niña.

Así las cosas, el 4 de octubre de 2023, la Sra. Pérez Raíces presentó una *Urgente Moción en Solicitud de Vista Evidenciaria y Oposición a Moción en Solicitud de Orden para Tramitar Pasaporte.* Dedujo que la solicitud de la Sra. Pérez Hernández más bien constituye una solicitud para el traslado de una menor fuera de la jurisdicción, lo que conlleva la privación de la madre de su derecho a ejercer la patria potestad sobre su hija. Por ello, razonó que resultaba imperativo que el tribunal celebrara una vista evidenciaria al amparo de la Ley Núm. 102-2018, conocida como *Ley para establecer la Guía Uniforme para casos de Relocalización del Padre Custodio,* a los fines tomar una determinación en protección del bienestar de la menor.

El 13 de octubre de 2023, la Sra. Pérez Hernández presentó una *Moción Reiterando de (sic) Orden para Tramitar Pasaporte y*

*Oposición a Vista Evidenciaria.* Reiteró que la Sra. Pérez Raíces había incumplido con la orden emitida el 21 de agosto de 2023, y ante la ausencia de acuerdo para tramitar el pasaporte de la menor, no había podido adquirir el boleto de viaje ni fijar las fechas de la estadía. Por consiguiente, la Sra. Pérez Hernández reiteró su solicitud para que el tribunal emitiera la orden que le permitiera gestionar y obtener el pasaporte de la menor sin la necesidad de firma o autorización de la Sra. Pérez Raíces.

Mediante *Orden* emitida el 4 de octubre de 2023, el TPI dictaminó que:

> Se autoriza a la Sra. Laura Pérez Hern[á]ndez, quien ostenta la custodia de Jazzanae Yiraj Maldonado Pérez, quien nació el 09 de abril de 2014 en Manatí, Puerto Rico; a tramitar a expedición y/o renovación del pasaporte a nombre de dicho menor, sin la necesidad de la autorización de terceros y/o la madre la Sra. Darlene Pérez Raíces.[2]

Inconforme, el 20 de octubre de 2023, la Sra. Pérez Raíces instó el presente recurso de *certiorari* y apuntó el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al emitir una orden que autoriza a la abuela de la menor a gestionar la expedición del pasaporte de la menor sin el consentimiento de la peticionaria madre de la menor y sin tener jurisdicción. Esta decisión se tomó en ausencia de la consideración de los criterios que velan por el mejor interés de la menor y, además, resulta en la privación de la madre de su derecho a ejercer la patria potestad sobre su hija y en contravención de la *Ley Federal American Immigration and Nationality Act.*

En síntesis, arguye que, previo a su determinación, el TPI debió celebrar una vista evidenciaria para que las partes presentaran prueba en apoyo a sus respectivas mociones.

## II.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones

---

[2] Apéndice del recurso, pág. 1.

interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[3]

En los casos civiles, la Regla 52.1 de Procedimiento Civil[4], delimita las instancias en las que procede que este Tribunal de Apelaciones expida el recurso de *certiorari.*[5] La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia.[6] Según lo dispuesto en la Regla 52.1, *supra,* al denegar la expedición de un recurso de *certiorari,* el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones[7] instituye los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari.* Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[3] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[4] 32 LPRA Ap. V, R. 52.1.
[5] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).
[6] *Íd.*
[7] 4 LPRA Ap. XXII-B, R. 40.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[8] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

En fin, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[9]

### III.

La Regla 52.1 de Procedimiento Civil, *supra,* permite, por excepción, que este Tribunal revise resoluciones u órdenes interlocutorias dictadas por el TPI en casos de relaciones de familia. Sin embargo, la expedición del recurso de *certiorari* es un ejercicio discrecional. Tal discreción tiene que ajustarse a los criterios dispuestos en la Regla 40 del Reglamento de este Tribunal.

---

[8] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).
[9] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). Véase, además, *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

Evaluada la solicitud de la Sra. Pérez Raíces, concluimos que ésta no cumple con ninguno de los criterios establecidos en la Regla 40 del Reglamento de este Tribunal. En su recurso, la Sra. Pérez Raíces cuestiona la orden emitida por el TPI que autorizó a la Sra. Pérez Hernández, abuela paterna custodio, a gestionar la expedición del pasaporte de la menor sin el consentimiento de la peticionaria, madre de la menor. Ésta indica que la decisión del tribunal le priva de su derecho a ejercer la patria potestad sobre su hija. Por ello, entiende que, previo a emitir su determinación, el TPI debió celebrar una vista evidenciaria para que las partes presentaran prueba en apoyo a sus respectivas mociones.

Sin embargo, la Sra. Pérez Raíces no explica de qué manera la orden recurrida menoscabó su derecho fundamental a ejercer la patria potestad sobre su hija. Por otro lado, del trámite procesal ante el TPI surge que dicho foro concedió amplia oportunidad a ambas partes para expresar sus argumentos por escrito. El TPI atendió los señalamientos y resolvió la solicitud de autorización presentada por la Sra. Pérez Hernández.

Acorde con lo anterior, y en ausencia de los criterios establecidos en la Regla 40 de nuestro Reglamento, *supra*, nos abstenemos de intervenir con el dictamen recurrido.

IV.

Por los fundamentos que anteceden denegamos la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones